IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH COLLINS, )
 )
　　　　Plaintiff, )
vs. )
 )　　08CV851
UNITED STATES OF AMERICA and )　　JUDGE GETTLEMAN
TRANSPORTATION SECURITY )　　MAGISTRATE JUDGE DENLOW
ADMINISTRATION, )
 )
　　　　Defendants. )

FILED FEB 08 2008 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

FEB 08 2008

## COMPLAINT

1. Plaintiff is an individual residing at 356 W. Scott Street, Chicago, Illinois in Cook County.

2. Defendant United States of America is a sovereign entity who has waived the sovereign immunity as to the United States under the Federal Tort Claims Act, 28 U.S.C. § 2674 et seq.

3. Defendant Transportation Security Administration ("TSA") is an agency of the United States Department of Homeland Security, and maintains its claims management office at 601 12th Street South, Arlington, Virginia.

4. Plaintiff filed an administrative claim with TSA on or about April 26, 2007. A true and correct copy of which is attached as Exhibit A. TSA never sent by certified or registered mail a final written denial of Plaintiff's claim, as required under 28 U.S.C.A. § 2675(a) and 28 CFR § 14.9. Because six (6) months has elapsed since the filing of Plaintiff's administrative claim, Plaintiff is now entitled to institute this action pursuant to 28 U.S.C.A. § 2675(a).

5. Jurisdiction is proper pursuant to U.S.C.A. § 1346(b)(1) and 28 U.S.C. § 1402(b).

6. Venue is proper under 28 U.S.C.A. § 1391(e) because Plaintiff is a resident of Cook County, Illinois.

7. On April 24, 2007 Plaintiff boarded American Airlines Flight 1283, scheduled to depart from Miami International Airport at 7:15 p.m. E.S.T. and to arrive at Chicago O'Hare International Airport at 9:15 p.m. C.S.T.

8. Around approximately 5:30 p.m. E.S.T., Plaintiff checked his suitcase with TSA employees near the X-Ray machine after completing American Airlines First-Class check-in at Miami International Airport.

9. Prior to checking his suitcase, Plaintiff placed his Rolex Perpetual Datejust watch inside a zippered pocket of a toiletries bag, and packed the toiletries bag at the bottom of the suitcase underneath one week's worth of clothes and study materials.

10. When Plaintiff arrived home later that evening and unpacked his belongings, Plaintiff discovered that his Rolex watch had been removed from the bag. Whoever took the watch had enough time to carefully unpack the suitcase, unzip the toiletries bag, remove the watch, and re-pack the items in the same manner, thereby creating the appearance that nothing unusual had occurred.

11. Given the fact that (i) the watch was concealed in the toiletries bag, and (ii) the toiletries bag was placed at the bottom of the suitcase and buried under clothes and books, only a thorough search of his luggage or use of an X-ray machine would enable someone to locate the watch inside the suitcase. Moreover, only TSA employees would have the time to remove the watch in such a surgical manner.

12. Plaintiff learned through subsequent investigation that several TSA employees, including employees working at Miami International Airport, had been previously arrested, charged and/or convicted for theft of passengers' personal belongings, including jewelry.

13. The replacement value of the watch is estimated to be at least $3,000.00. Attached hereto and marked as <u>Exhibit B</u> is a copy of Plaintiff's receipt for his watch. Plaintiff's watch has additional sentimental value, because it was given to him by his wife as a wedding gift.

14. Defendants owed the following duties to Plaintiff:

    a) to carefully and properly handle Plaintiff's luggage and otherwise secure his personal belongings;

    b) provide adequate security to protect Plaintiff's luggage from theft and/or loss;

    c) to properly handle Plaintiff's luggage to prevent theft and/or loss;

    d) to screen its employees and educate and train them regarding the care of luggage;

    e) to secure the baggage handling area at the point of departure;

    f) to provide proper safeguards and surveillance to detect the wrongful acts of TSA employees; and

    g) any other and further duty that may be revealed through the process of discovery.

15. Defendants breached all or some of the aforementioned duties.

16. As a direct and proximate result of Defendants' negligent and wrongful acts and omissions, the Plaintiff sustained damages in the nature of lost or stolen jewelry and other losses.

WHEREFORE, Plaintiff demands a jury trial and judgment in his favor and in excess of $3,000.00, together with litigation attorneys' fees and expenses, post-judgment interest, and any other and further relief this Court deems appropriate.

Respectfully submitted,

*Joseph Collins*

Joseph Collins

Joseph Collins
356 W. Scott St.
Chicago, IL 60610
Phone: (312) 440-0593

EXHIBIT A

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Claims Management Office (TSA-9) Transportation Security Administration 601 12th Street South Arlington, VA 22202-4220    Phone: (866) 289-9673 | JOSEPH COLLINS 356 W. SCOTT ST. CHICAGO, IL 60610 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. or P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 3/7/1969 | MARRIED | 04/24/2007 | P.M. |

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

ON APRIL 24, 2007, I DEPARTED ON A FLIGHT FROM MIAMI TO CHICAGO, AMERICAN AIRLINES FLIGHT 1283, DEPARTING AT 7:15 EST AND ARRIVING AT 9:15 CST. AROUND APPROXIMATELY 5:30 EST I CHECKED MY SUITCASE ACROSS FROM AMERICAN AIRLINES AT MIAMI INTERNATIONAL AIRPORT. I PACKED MY ROLEX WATCH INSIDE AN INNER POCKET OF MY TOILETRIES BAG, AND PUT THE BAG INSIDE THE SUITCASE. WHEN I ARRIVED HOME AND UNPACKED I DISCOVERED THAT THE WATCH WAS STOLEN FROM THE BAG. ONLY AN XRAY WOULD ID THE WATCH.

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

NONE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

ROLEX WATCH, MODEL 15210, SERIAL # P206871
RETAIL $2900.00, PAID $2500.00

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

NONE

**11. WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| NONE | NONE |

**12.** (See instructions on reverse)    AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| $2900.00 | NONE | NONE | $2900.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| /s/ Joseph Collins | (312) 368-2143 | 4/26/2007 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.
Designed using Perform Pro, WHS/DIOR, Jun 98

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

### INSTRUCTIONS
Complete all Items - Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to  Director, Torts Branch
    Civil Division
    U.S. Department of Justice
    Washington, DC 20530

and to the
    Office of Management and Budget
    Paperwork Reduction Project (1105-0008)
    Washington, DC 20503

### INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number. ☒ No

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

NO

17. If deductible, state amount

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? *(It is necessary that you ascertain these facts)*

NONE

19. Do you carry public liability and property damage insurance? ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* ☒ No

SF 95 (Rev. 7-85) BACK

| | |
|---|---|
| **SUPPLEMENTAL INFORMATION - SF-95 CLAIM FOR DAMAGE, INJURY, OR DEATH** ||
| **INSTRUCTIONS:** | Please include information for boxes 1-10. Failure to provide accurate information may delay your claim while the information is collected. |

1. Name: JOSEPH COLLINS
   Email Address: joseph.collins@dlapiper.com

2. Did the incident take place at: (Please check one)
   ☐ Passenger Security Screening Checkpoint?   ☒ Checked Baggage Screening Location?

3. At which Airport did the incident occur?  MIAMI INTERNATIONAL AIRPORT

4. Did you use Skycap, Porter Service, or other third party baggage service?   ☐ YES   ☒ NO

5. If this was a checked baggage incident, why do you believe that TSA was responsible?
   MY WATCH WAS IN THE INNER POCKET OF A TOILETRIES BAG THAT WAS BURIED IN MY SUITCASE. ONLY AN XRAY WOULD SPOT THE WATCH.

6. Was your checked baggage delayed?   YES ☐   NO ☒   For how long? _____

7. Please write down your complete travel itinerary (Airline names, flight numbers, arrival/departure times, etc.)
   AMERICAN AIRLINES FLIGHT 1283, DEPART 7:15 PM EST
   ARRIVE 9:15 PM CST
   Please include baggage tag numbers from baggage involved in the incident:
   6001316755

8. At the time of the incident, were you in the Military or a Federal Employee and on official travel?   YES ☐   NO ☒

9. Did you file any type of incident report with the airport, airline, TSA, or any law enforcement agency?   YES ☐   NO ☒

10. Claimant Signature: _[signature]_

PLEASE ATTACH ALL RECEIPTS, ESTIMATES OF REPAIR, APPRAISALS OR ANY OTHER DOCUMENTS THAT CAN SUBSTANTIATE THE VALUE OF THE ITEMS THAT WERE LOST OR DAMAGED.

FOR ALL DAMAGED BAGGAGE, YOU MUST GET A REPAIR ESTIMATE

Paperwork Reduction Act Statement of Public Burden: TSA is collecting this information in order to thoroughly investigate and resolve your tort claim against the agency. The public burden for this collection of information is estimated to be approximately 30 minutes. This is a voluntary collection of information; however, failure to provide this information may delay or hinder the processing of your claim. An agency may not conduct or sponsor, and persons are not required to respond to, a collection of information unless it displays a currently valid OMB control number. The OMB control number assigned to this collection is 1652-0039, which expires 08/31/2009.

Privacy Act Statement: AUTHORITY: 28 U.S.C. 1346(b), 1402(b), 2671-2680. PRINCIPAL PURPOSE(S): This information will be used to investigate your claim against the Transportation Security Administration (TSA). ROUTINE USE(S): This information may be shared with the Department of Justice in review, settlement, defense, and prosecution of claims involving matters over which TSA exercises jurisdiction, or for routine uses identified in the TSA's system of records notice, DHS/TSA 009 General Legal Records. DISCLOSURE: Voluntary; failure to furnish the requested information may result in an inability to thoroughly investigate your claim and may therefore result in an inability to award you payment on your claim.

EXHIBIT B

# GREGG HELFER, Ltd.

5 South Wabash
Suite 1416
Chicago, Illinois  60603
(312) 920-0970   FAX 920-0971

# INVOICE

| Date | Invoice # |
|---|---|
| 2/8/2001 | 186 |

**Bill To**

Joe and Narisa Collins
711 South Dearborn Street
#307
Chicago, IL  60605

**Ship To**

Joe Collins
521 Wellington Drive
Dyer, IN  46311

| Terms | Via |
|---|---|
| On Receipt | Federal Express |

| Quantity | Item Code | Description | Price Each | Amount |
|---|---|---|---|---|
| 1 | WATCH114 | GENTS ROLEX OYSTER PERPETUAL DATE ALL STAINLESS/ BLACK DIAL. MODEL# 15210 SERIAL # P206871. RETAIL $2900.00 | 2,500.00 | 2,500.00T |
| 1 | Shipping/Insurance | FEDERAL EXPRESS OVERNIGHT INSURED FROM SUPPLIER TO GHL | 25.00 | 25.00 |
| 1 | Shipping/Insurance | FEDERAL EXPREDD OVERNIGHT INSURED FROM GHL TO CUSTOMER | 25.00 | 25.00 |

THANK YOU FOR YOUR BUSINESS. WE APPRECIATE YOUR CONFIDENCE AND FUTURE REFERRALS

**Subtotal**  $2,550.00

**Sales Tax  (0.0%)**  $0.00

**Total**  $2,550.00

**Payments/Credits**  $-2,550.00

**Balance Due**  $0.00

All sales are final unless other arrangements are made in writing, attached to this invoice and signed by an officer of Gregg Helfer, Ltd.

**GARANTIE** Chronomètre

MONTRES ROLEX S.A. garantit le bon fonctionnement de ce chronomètre neuf durant cinq années à partir de la date d'achat. Sont exceptés la perte, le vol et les dommages résultant d'une utilisation inappropriée, y compris l'enlèvement ou la substitution de pièces ou avec celles qui ne sont pas d'origine.

Nous certifions que ce chronomètre a été entièrement manufacturé en Suisse.

Nom et adresse de l'acheteur:
Date de l'achat:
Nom et adresse du vendeur: Tourneau

Cette garantie n'est valable que signée et datée par le distributeur officiel Rolex au moment de l'achat. Elle doit être remise avec la montre à n'importe quel distributeur qui la vérifiera et indique des principales adresses de notre réseau mondial.

MONTRES ROLEX S.A.

## ATTESTATION DE CHRONOMÈTRE OFFICIEL

Nous certifions que le mouvement de cette Rolex Oyster Perpetual a subi avec succès pendant quinze jours et quinze nuits, en cinq positions et à deux températures distinctes, tous les contrôles de précision effectués par le Contrôle Officiel Suisse des Chronomètres (C.O.S.C.). Ce mouvement a ainsi acquis le droit de porter le titre de Chronomètre Suisse Officiellement Contrôlé.

À la suite de ces visites éprouvées, la montre, dont le boîtier, une fois muni du passe-rien, restera parfaitement étanche aux profondeurs, reçoit à son tour la dénomination de Chronomètre Rolex Oyster Perpetual. Cette dénomination est signifiée par les mots Superlative Chronometer Officially Certified qui paraissent sur le cadran et par le sceau Rouge Rolex qui accompagne ce chronomètre.

MONTRES ROLEX S.A.

Printed in Switzerland