UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH COLLINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 08 C 0851 ) |
| UNITED STATES OF AMERICA AND TRANSPORTATION SECURITY ADMINISTRATION, | ) Judge Gettleman ) ) ) ) |
| Defendants. | ) |

## ANSWER

Defendants United States of America and the United States Transportation Security Administration, by their attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, for their answer to plaintiff's complaint, states as follows:

### First Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's claim is untimely.

### Third Defense

Plaintiff's claims against the United States are barred because its agents and employees acted with due care in the exercise of a statute or regulation at all relevant times.

### Fourth Defense

If the United States is found negligent, which negligence it denies, and is found liable to plaintiff for any damages, under Florida law, Plaintiff's recovery of damages should be reduced,

based on Plaintiff's contributory negligence and/or assumption of risk, in proportion to Plaintiff's share of fault.

### Fifth Defense

The alleged injuries were caused solely by the acts or omissions of other parties, persons, or entities, their servants, agents, representatives, or employees, none of whom are agencies or employees of the United States for whom the United States has any liability pursuant to the Federal Tort Claims Act.

### Sixth Defense

If the United States is found negligent, which negligence it denies, and is found liable to Plaintiff for any damages, under Florida law, it is entitled to indemnity or contribution from other tortfeasors.

### Seventh Defense

Plaintiff's recovery, if any, is limited to the amount set forth in his administrative claim.

### Eighth Defense

Plaintiff is not entitled to a jury trial.

### Ninth Defense

Answering the specific allegations of the complaint, the defendant United States admits, denies, or otherwise avers as follows:

1. **Complaint:** Plaintiff is an individual residing at 356 W. Scott Street, Chicago, Illinois in Cook County.

   **Response:** Defendants lacks knowledge and information sufficient to form a belief as to the truth of this allegation.

2.     **Complaint:**   Defendant United States of America is a sovereign entity who has waived the sovereign immunity as to the United States under the Federal Tort Claims Act. 28 U.S.C. § 2674 et seq.

**Response**:     Defendants admit that the United States of America is a sovereign entity and that it has waived sovereign immunity under the Federal Tort Claims Act for some, but not all tort claims.

3.     **Complaint:**   Defendant Transportation Security Administration ("TSA") is an agency of the United States Department of Homeland Security, and maintains its claims management office at 601 12th Street South, Arlington, Virginia.

**Response**:     Deny that the United States Transportation Security Administration is a proper defendant and admit that it maintains a management office at 601 South 12th Street, Arlington, Virginia.  Deny the remaining allegations of this paragraph.

4.     **Complaint:**   Plaintiff filed an administrative claim with TSA on or about April 26, 2007.  A true and correct copy of which is attached as Exhibit A.  TSA never sent by certified or registered mail a final written denial of Plaintiff's claim, as required under 28 U.S.C.A. § 2675(a) and 28 CFR § 14.9.  Because six (6) months has elapsed since the filing of Plaintiff's administrative claim, Plaintiff is now entitled to institute this action pursuant to 28 U.S.C.A. § 2675(a).

**Response**:     Defendants admit the first and second sentence of this paragraph but deny the remaining allegations of this paragraph.

5.     **Complaint:**   Jurisdiction is proper pursuant to U.S.C.A. § 1346(b)(1) and 28 U.S.C. § 1402(b).

**Response:**     The United States admits that jurisdiction exists over it, but defendants state that subject matter jurisdiction does not exist over the United States Department of Transportation and that it is not a proper party to an action brought under the Federal Tort Claims Act.

6.     **Complaint:**   Venue is proper under 28 U.S.C.A. § 1391(e) because Plaintiff is a resident of Cook County, Illinois.

   **Response:** Defendants admit that venue is proper in this district but state further that the case should be transferred to the Southern District of Florida, the location of the alleged tort, most if not all relevant evidence, and all witnesses but the plaintiff are located.

 7. **Complaint:** On April 24, 2007 Plaintiff boarded American Airlines Flight 1283, scheduled to depart from Miami International Airport at 7:15 p.m. E.S.T. and to arrive at Chicago O'Hare International Airport at 9:15 p.m. C.S.T.

   **Response:** Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations of this paragraph and, therefore, denies the same.

 8. **Complaint:** Around approximately 5:30 pm E.S.T. Plaintiff checked his suitcase with TSA employees near the X-ray machine after completing American Airlines First-Class check-in at Miami International Airport.

   **Response:** Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations of this paragraph and, therefore, denies the same.

 9. **Complaint:** Prior to checking his suitcase, Plaintiff placed his Rolex Perpetual Datejust watch inside a zippered pocket of a toiletries bag, and packed the toiletries bag at the bottom of the suitcase underneath one weeks' worth of clothes and study materials.

   **Response:** Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations of this paragraph and, therefore, denies the same.

 10. **Complaint:** When Plaintiff arrived home later that evening and unpacked his belongings, Plaintiff discovered that his Rolex watch had been removed from his bag. Whoever took the watch had enough time to carefully unpack the suitcase, unzip the toiletries bag, remove the watch, and re-pack the items in the same manner, thereby creating the appearance that nothing unusual had occurred.

   **Response:** Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations of this paragraph and, therefore, denies the same.

 11. **Complaint:** Given the fact that (I) the watch was concealed in the toiletries bag, and (ii) the toiletries bag was placed at the bottom of the suitcase and buried under clothes and books, only a thorough search of his luggage or use of an X-ray machine would enable someone to locate

the watch inside the suitcase. Moreover, only TSA employees would have the time to remove the watch in such a surgical manner.

       **Response:**   Denies.

12.   **Complaint:**   Plaintiff learned through subsequent investigation that several TSA employees, including employees working at Miami International Airport, had been previously arrested, charged and/or convicted for theft of passengers' personal belongings, including jewelry.

       **Response:**   Defendant lacks knowledge or information to form a belief as to Plaintiff's investigation, and therefore denies the same except to admit that there have been a very small number of instances of theft by TSA employees nationwide, only one of which was in Miami in 2005.

13.   **Complaint:**   The replacement value of the watch is estimated to be at least $3,000.00. Attached hereto and marked as Exhibit B is a copy of Plaintiff's receipt for his watch. Plaintiff's watch has additional sentimental value, because it was given to him by his wife as a wedding gift.

       **Response:**   Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations of this paragraph and, therefore, denies the same.

14.   **Complaint:**   Defendants owed the following duties to Plaintiff:

   a.   to carefully and properly handle Plaintiff's luggage and otherwise secure his personal belongings;
   b.   provide adequate security to protect Plaintiff's luggage from theft and/or loss;
   c.   to properly handle Plaintiff's luggage to prevent theft and/or loss.
   d.   to screen its employees and educate and train them regarding the care of luggage;
   e.   to secure the baggage handling area at the point of departure;
   f.   to provide proper safeguards and surveillance to detect the wrongful acts of TSA employees; and
   g.   any other and further duty that may be revealed through the process of discovery.

       **Response:**   Denies.

15. **Complaint:** Defendants breached all or some of the aforementioned duties.

    **Response**: Denies

16. **Complaint:** As a direct and proximate result of Defendants' negligent and wrongful acts and omissions, the Plaintiff sustained damages in the nature of lost or stolen jewelry and other losses.

    **Response**: Denies.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint, enter judgment in favor of Defendant, and award Defendant relief that is just and proper.

                                        Respectfully submitted,

                                        PATRICK J. FITZGERALD
                                        United States Attorney

                                        By: s/ Donald R. Lorenzen
                                              DONALD R. LORENZEN
                                              Assistant United States Attorney
                                              219 South Dearborn Street
                                              Chicago, Illinois 60604
                                              (312) 353-5330
                                              donald.lorenzen@usdoj.gov

Dated: May 22, 2008

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Civ. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**Answer**

was served pursuant to the district court's ECF system as to ECF filers, if any, and was sent by first-class mail on May 22, 2008 to the following non-ECF filers:

**Joseph Collins**
356 West Scott Street
Chicago, IL 60610

By: s/ Donald R. Lorenzen
DONALD R. LORENZEN
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5330
donald.lorenzen@usdoj.gov