UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 851 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | Judge Robert W. Gettleman |
| ) | |
| Defendant. ) | |
| ) | |

**THE UNITED STATES' MEMORANDUM
OF LAW IN SUPPORT OF ITS MOTION TO TRANSFER**

**Introduction**

Plaintiff Joseph Collins accuses Transportation Security Administration (TSA) agents of stealing his Rolex wristwatch from his baggage when they screened it for security purposes at Miami International Airport in Florida in April 2007. He accuses no particular agent. He simply claims that some TSA agent must have taken his Rolex because he believes that only TSA agents would have had the time to remove his watch from his luggage. Compl. ¶ 11.

The only connection that this case has to this district is that Collins lives here. That aside, all the facts at issue revolve around what happened to Collins' luggage at Miami International Airport after he checked it with American Airlines for a flight in April 2007. Most, if not all of the relevant witnesses (except Collins) come from Miami, including the third-party American Airlines employees who handled Collins' baggage that day. Significantly, this court cannot compel their trial testimony, but the United States District Court for the Southern District of Florida can. Accordingly, the United States moves to transfer this case there pursuant to 28 U.S.C. § 1404(a).

**Background**

Collins claims that rather than wearing his $3,000 Rolex wristwatch on his wrist, he put it in luggage to be checked on board an American Airlines flight leaving from Miami International Airport for Chicago on April 2007.  Compl. ¶¶ 7, 9.  He claims that TSA agents in Miami stole his watch.  His complaint hints at no direct evidence against TSA's agents.  Collin's simply theorizes that "only TSA employees would have the time to remove the watch" from his baggage.  Compl. ¶ 11.

In fact, many other people had more significant access to Collin's luggage.  Collins checked his bag with American Airlines around 3:00 p.m. for a flight scheduled to depart at 4:15 p.m. that day.  American Airlines later cancelled that flight and rescheduled Collins for a 7:15 p.m. flight.  Thus, Collins' baggage was in the custody of American Airlines for a significant period of time, and American's employees had responsibility for transferring it to the flight Collins eventually took to Chicago.

TSA's defense in this case will depend significantly upon testimony from both the TSA agents who screened luggage in Miami and the American Airlines employees who had custody of Collins' luggage and who handled it that day.  *See* Decl. Of Moira O. Denning, Exhibit A hereto.

**Legal Standard**

The United States seeks transfer this case pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Section 1404(a) requires the court to consider the convenience of the parties and witnesses, and the interests of justice when deciding a motion to transfer.  The court should transfer

the case when the moving party clearly demonstrates that: (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) transfer will serve the convenience of the parties, convenience of the witnesses, and the interests of justice. *Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 833 (N.D. Ill. 2004). Motions for transfer lie within the broad discretion of the district court. *Heller Financial, Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1293 (7th Cir. 1989). Although the court must consider the plaintiff's choice of forum as a factor, when a given action has only a limited connection to the chosen forum, the plaintiff's choice is afforded less weight. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955) (holding that while plaintiff's choice is still a factor to consider, § 1404 has given the trial court broad discretion in weighing the many factors impacting the transfer of venue).

## Argument

**I.    Venue Appropriate in Both Districts**

An injured person may bring an action against the United States for the torts of its employees in the judicial district where the plaintiff resides or in the district where the act or omission about which the plaintiff complains occurred. 28 U.S.C. § 1402(b). Collins lives here. Compl. ¶ 6. But he alleges that TSA employees stole his watch at Miami International Airport, which is within the Southern District of Florida. Accordingly, venue and jurisdiction exist in both districts.

**II.   Venue More Appropriate in Florida**

Although Collins may be inconvenienced if this case is transferred to Miami, given that all the relevant facts occurred in Miami, and that all the other witnesses are there, the countervailing inconvenience to the others involved in this case will be significantly greater if the case remains here.

### A.     Relative Inconvenience to the Parties

Except for Collins, all the relevant witnesses and documents in this case will likely come from Miami. Specifically, TSA has identified nine of its Miami-based employees who will likely be called upon during discovery and at trial in this case. Exhibit A, ¶ 4a-h. These include eight TSA agents who screened luggage on the day in question. At the very least, these witnesses will deny stealing Collins' Rolex. They will also testify that the procedures used to screen luggage give them limited time with and responsibility for luggage at Miami International Airport.

The absence of these TSA employees from duty in Miami to participate in discovery and attend a trial in this case will certainly disrupt TSA operations there, but more so if these employees must come to Chicago, as will be necessary to most effectively present their trial testimony. Moreover, the court should also consider the personal inconvenience these TSA employees will face simply because Collins' has generally accused TSA screeners with theft. Of course, some inconvenience to witnesses is unavoidable in every case. But under the circumstances here, it would be far fairer and more efficient to require Collins, the one witness from Chicago, to travel to Miami to substantiate his paper-thin theory that some TSA agent took his Rolex.

### B.     Third-Party Witnesses

The testimony of third-party witnesses offers an even more important reason to transfer this case to the Southern District of Florida. *Moore v. Motor Coach Industries, Inc.*, 487 F. Supp. 2d 1003, 1007-1008 (N.D. Ill. 2007) ("the convenience of a party witness is less relevant than the convenience of non-party witnesses, since party witnesses normally must appear voluntarily"). Testimony from American Airlines' Miami-based employees will be critical to the defense in this case. Discovery and trial testimony from these third-party witnesses will shed light on the path that

Collins' luggage took through the airport and American Airlines' facilities that day in Miami. It will show that many people other than TSA agents had access to Collins' luggage. This court, however, has no power to compel trial testimony from these third-party witnesses. Furthermore, there is no reason to suspect that American Airlines and its employees will voluntarily cooperate with this discovery, let alone appear for trial. Throughout the investigation, these witnesses have been represented by counsel, and the United States has no expectation that these witnesses would voluntarily testify in Chicago. Exhibit A, Denning Decl. at 5. These witnesses can be compelled to testify at trial in Florida, but not in the Northern District of Illinois. Thus, keeping this case in Illinois would risk depriving the United States of live testimony from some of its most important witnesses. In contrast, Collins, who himself is a lawyer, can certainly litigate his case in Florida, a place to which he apparently travels.

  C. **Interests of Justice Favor Transfer**

Other factors involving the interests of justice also favor transfer of this case. Considerations regarding the "interests of justice" on a motion to transfer under Section 1404(a) relate to the efficient function of the courts, not to the merits of the underlying dispute. *S.J.G. v. Eikenberry & Assoc., Inc.*, 2004 WL 1794475 at * 4 (N.D. Ill. Aug. 5, 2004). The court should consider the speed at which the case will be resolved, the familiarity of the respective courts with the law that applies to the dispute, the communities' relation to the events in question, and the desirability of resolving cases in the places where they arise. *Id.* Each of these factors favor transfer in this case.

First, the Judicial Caseload Profiles for the United States District Court for the Southern District of Florida shows that its median time from filing to disposition of a civil case is 5 months, and its median time from filing to trial is 17.9 months, compared to 6.2 months and 29.7 months for

this court. *See Judicial Caseload Profiles for 2007* found at www.uscourts.gov/cgi-bin/cmsd2007.pl (*visited* June 30, 2008).

Second, the Southern District of Florida is more likely to be familiar with the governing law in this case. Under the Federal Tort Claims Act, liability is determined in accordance with the law of the state in which the act or omission occurred, including the choice-of-law provisions of that state. 28 U.S.C. § 1346(b)(1). *See also, Buscaglia v. U.S.*, 25 F. 3d 530, 534 (7th Cir. 1994). Because the incident giving rise to Collins' claim took place in Miami, the law of the state of Florida will apply.

Next, because Collins alleged a tort in Florida, and because Collins accuses TSA agents of theft in Miami International Airport, Florida has a greater community interest in resolving the dispute than this district. That interest is heightened by Collins' allegation that TSA employees at Miami International Airport have been "arrested, charged and/or convicted for theft of passengers' personal belongings." Compl. ¶ 12. This court has no similar interest in the resolution of claims regarding theft by TSA employees in Florida.

Lastly, familiarity with the Miami International Airport may aid the judge who tries this case, as will a view of the airport and its facilities if the court finds it helpful. A judge from the Southern District of Florida is more likely to be familiar with Miami International Airport and could more easily arrange a view of the premises involved than this court.

**III.　Precedent for Transfer of Property Loss Cases Against TSA**

Other courts have recognized that transfer is appropriate in cases against TSA regarding lost property. In *McMechen v. United States of America*, No. 06 CV 2209, 2007 WL 433123 (D. Colo. Feb. 2, 2007), another lost Rolex case, the plaintiff filed an FTCA claim against the United States

arising out of the alleged theft of his watch at a TSA passenger screening checkpoint at Palm Springs International Airport in Palm Springs, California. Plaintiff, a resident of Colorado, filed suit in federal district court in Colorado. *Id.* In granting the defendant's motion to transfer venue to the federal district court in California, the court reasoned that the defendant "met its burden to show that California would be a substantially more convenient forum . . . As the situs of the events and the relevant witnesses and evidence, as well as the applicable law, a California court would be better suited to decide this case." Id. at *3.

Similarly, in *Marsh v. United States*, No. 1:06cv00093, 2007 WL 2021932 (W.D. Va. July 10, 2007), the plaintiff, a resident of Virginia, filed an FTCA action against the United States in federal district court in Virginia arising out of the alleged theft of her pearls from her checked baggage when she flew out of Los Angeles International Airport. The court granted the United States' motion to transfer venue from Virginia to a federal district court in California, concluding that:

> It is readily apparent that this case can be tried far more efficiently and economically in California than in Virginia. California is a more convenient location for any potential witnesses. The court recognizes that the decision to transfer venue may be burdensome upon the plaintiff. Nonetheless, based upon a consideration of the relevant factors and a balancing of the equities, I am of the opinion that, in the interest of fairness and judicial convenience, this matter should be transferred to the Central District of California.

Id. at *4.

This case, like those cited above, should be transferred. All the relevant witnesses except the plaintiff will come from Miami, including third-party witnesses whose trial testimony cannot be compelled in this district. When combined with the fact that all the "interests of justice factors"

7

support transfer of this case to the Southern District of Florida, there is scant reason for the court to keep this case here. Particularly because Collins' complaint accuses TSA employees of theft with so little support for his accusation, Collins, rather than every other witness involved, should shoulder the inconvenience of his allegations.

## Conclusion

For the forgoing reasons, the court should transfer this case to the United States District Court for the Southern District of Florida.

    Respectfully submitted,

    PATRICK J. FITZGERALD
    United States Attorney

    By: s/ Donald R. Lorenzen
        DONALD R. LORENZEN
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-5330
        donald.lorenzen@usdoj.gov