# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH E. COLLINS, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 1:08CV 000851 |
| v. | ) |
| UNITED STATES, | ) |
| Defendant. | ) |

### DECLARATION OF MOIRA O. DENNING

**MOIRA O. DENNING** makes the following declaration pursuant to the provisions of 28 U.S.C. § 1746:

1. My name is Moira O. Denning and the following statements are made in support of the Transportation Security Administration's (TSA) Motion to Transfer Venue. I am familiar with the allegations raised by Plaintiff in the above-captioned Federal Tort Claims Act complaint.

2. I am employed as an Attorney-Advisor at the Transportation Security Administration, Office of Chief Counsel. The following statements are based on my personal knowledge acquired from my review of the case file materials in the above-captioned complaint.

3. On April 24, 2007, Plaintiff checked baggage around 3:00 p.m. at one of the publicly-viewed checked baggage screening areas in the American Airlines (AA) terminal at Miami International Airport (MIA). His flight was scheduled to depart MIA at 4:15 p.m. However, this flight was cancelled, and Plaintiff was re-booked on a 7:15 p.m. flight. In the

interim four hours, Plaintiff's bag was in the custody of AA at MIA in a waiting room for checked baggage. See attached, TSA Claims Notes at page 4, a true and correct copy of which is attached hereto as Exhibit A-1.

4.  TSA has not been able to identify where Plaintiff actually deposited his bag for screening. Plaintiff's bag could have gone through any number of these baggage screening areas, implicating many potential witnesses at each of these areas in MIA. Based upon my investigation, I believe that the following witnesses, who live in Florida, could have information relevant to the issues in the complaint:

> a. **Guy O. Levesque, TSA Customer Support at MIA**: This witness, who works and resides in Florida, will testify about the standard operating procedures at the baggage pod and the brief screening that TSA completes prior to transfer baggage to the airline employee. Mr. Levesque is also aware of the waiting room, where AA maintains custody of the checked baggage, such as Plaintiff's, that is awaiting a departing flight.
>
> b. **Jorge E. Gallardo, Supervisory Transportation Security Officer at MIA**: This potential witness, who works and resides in Florida, worked on April 24, 2007, at Carousel 19/20 at MIA during the time when Plaintiff checked baggage. He will testify about the standard operating procedures regarding baggage screening. Specifically, he will explain that a bag is opened only when it sets off an alarm, indicating contraband is in the bag. Once a bag is opened by TSA, a Notice of Inspection is placed in the bag.

c. **George T. Carmona, Lead Transportation Security Officer at MIA**: This potential witness, who works and resides in Florida, worked on April 24, 2007, at C-2 Baggage Area at MIA during the time when Plaintiff checked baggage. He will testify about the standard operating procedures regarding baggage screening. Specifically, he will explain that a bag is opened only when it sets off an alarm, indicating contraband is in the bag. Once a bag is opened by TSA, a Notice of Inspection is placed in the bag.

d. **Jose L. Barreto, Supervisory Transportation Security Officer at MIA**: This potential witness, who works and resides in Florida, worked on April 24, 2007, at D Baggage Area at MIA during the time when Plaintiff checked baggage. He will testify about the standard operating procedures regarding baggage screening. Specifically, he will explain that a bag is opened only when it sets off an alarm, indicating contraband is in the bag. Once a bag is opened by TSA, a Notice of Inspection is placed in the bag.

e. **Richard P. Jones, Lead Transportation Security Officer at MIA**: This potential witness, who works and resides in Florida, worked on April 24, 2007, at D-1 Baggage Area at MIA during the time when Plaintiff checked baggage. He will testify about the standard operating procedures regarding baggage screening. Specifically, he will explain that a bag is opened only when it sets off an alarm, indicating contraband is in the bag. Once a bag is opened by TSA, a Notice of Inspection is placed in the bag.

f. **Jennifer A. Dilorenzo, Transportation Security Officer at MIA**: This witness, who works and resides in Florida, worked on April 24, 2007, at

3

D-2 Baggage Area at MIA during the time when Plaintiff checked baggage. She will testify to the standard operating procedures regarding baggage screening. Specifically, she will explain that a bag is opened only when it sets off an alarm, indicating contraband is in the bag. Once a bag is opened by TSA, a Notice of Inspection is placed in the bag.

g. **Thomas Bradshaw, Transportation Security Officer at MIA**: This potential witness, who works and resides in Florida, worked on April 24, 2007, at D-3 Baggage Area at MIA during the time when Plaintiff checked baggage. He will testify about the standard operating procedures regarding baggage screening. Specifically, he will explain that a bag is opened only when it sets off an alarm, indicating contraband is in the bag. Once a bag is opened by TSA, a Notice of Inspection is placed in the bag.

h. **Jason D. Albury, Transportation Security Officer at MIA**: This potential witness, who works and resides in Florida, worked on April 24, 2007, at D-4 Baggage Area at MIA during the time when Plaintiff checked baggage. He will testify about the standard operating procedures regarding baggage screening. Specifically, he will explain that a bag is opened only when it sets off an alarm, indicating contraband is in the bag. Once a bag is opened by TSA, a Notice of Inspection is placed in the bag.

i. **Maria I. Vas, Transportation Security Officer at MIA**: This potential witness, who works and resides in Florida, worked on April 24, 2007, at D-5 Baggage Area at MIA during the time when Plaintiff checked baggage. She will testify about the standard operating procedures

regarding baggage screening. Specifically, she will explain that a bag is opened only when it sets off an alarm, indicating contraband is in the bag. Once a bag is opened by TSA, a Notice of Inspection is placed in the bag.

j. **Mike McKenna, Supervisor, American Airlines at MIA**: This potential witness, who works and resides in Florida, should be able to testify that American Airlines baggage handlers retrieve the bag after TSA screens it, and then transport the baggage to the appropriate plane, remaining in the custody of American Airlines from the time that TSA finishes its initial brief screening until the time that the passenger retrieves his bag.

k. **John Doe Baggage Handlers, American Airlines at MIA**: These potential witnesses, who work and reside in Florida, should be able to testify that they were American Airlines baggage handlers that watched over the baggage room for bags that were checked in and held, when flights were cancelled on the date of the alleged incident.

l. **John Doe Baggage Handlers, American Airlines at MIA**: These potential witnesses, who work and reside in Florida, should be able to testify that they were American Airlines baggage handlers that transferred the baggage from the baggage room to the appropriate flights.

5. Throughout our investigation, current employees of American Airlines have been represented by counsel. I have no expectation that American Airlines voluntarily will produce any witnesses for a trial held outside of Florida.

I declare under penalty of perjury that the foregoing is true and correct. Executed on 6/13/08.

By: *Moira O. Denning*
MOIRA O. DENNING
Attorney-Advisor
Office of Chief Counsel
Transportation Security Administration
U.S. Department of Homeland Security

6



**Transportation Security Administration**

**Claims Management System**

Logout brett.barber@dhs.gov | Change password

Claim Number: [____] Go >>

My Dashboard · **Claims Management** · Incident Reports · View Reports · Search · Administration ·

| | |
|---|---|
| **Start Claim** | |
| **Process Claim** | |
| **Claim:2007042724670** | |
|   Claimant Information | |
|   Letters | |
|   Claim Information | |
|   Items | |
|   Claim Sufficiency | |
|   Tracking/Resolution | |
|   Notes | |
| **Adjudicate Claims** | |
| **Currency Converter** | |

## Claim Overview

April 15, 2008

Claim Number:    2007042724670
Claim Status:    Closed : Denied  (Reconsider)  (Litigation)
Incident Report: [add]

### Claimant Information

Name:            Joseph Collins
Company:
Address:         356 W. Scott St.
                 Chicago, IL 60610
Country:         UNITED STATES
Phone:           312-368-2143
Email Address:   joseph.collins@dlapiper.com

### Claim Information

Date Received:         04/27/2007
Incident Date:         04/24/2007
Incident Time:
Claim Type:            Passenger Loss
Site of Incident:      Checked Baggage
Baggage Claim Check #: AA316755
Claim Amount:          $2,900.00
Airport / Airline:     Miami International Airport / American Airlines
Contractor:
Description:           Pax states watch was missing from CB.

### Claim Sufficiency

SUM CERTAIN:      Yes    SPECIFIC DATE: Yes    SPECIFIC LOCATION: Yes

STATEMENT OF FACT: Yes    SIGNATURE:    Yes

**Claim Tracking**

| Event Date | Description |
|---|---|
| 04/27/2007 | Active claim processor assignment changed. (user Tacarra Johnson) |
| 04/27/2007 | Claim started in system (user Tacarra Johnson) |
| 04/27/2007 | Claim determined sufficient and received. : 04/27/2007 (user Tacarra Johnson) |
| 04/27/2007 | Active claim processor assignment changed. to CMC and changed claim status (user Brandy Facey2) (by Tacarra Johnson) |
| 06/26/2007 | CMC examiner reviewed claim and made recommendation.: recommend deny (user Brandy Facey2) |
| 07/13/2007 | Active claim processor assignment changed. to DAO and changed claim status (user Nicholas Panuzio) |
| 07/13/2007 | OCC approved CMC recommendation (user Nicholas Panuzio) |
| 07/13/2007 | Active claim processor assignment changed. Active assignment removed (user Nicholas Panuzio) |
| 07/13/2007 | Status of claim was changed : Closed (user Nicholas Panuzio) |

**Claim Letters**

**Unprinted Letters**
None

**Printed Letters**
Letter Name
7-02-6 Denial - No Recon                                    [View]
1-1-5 Acknowledgment                                        [View]

**Claim Notes**

**Date:** 09/28/2007    **Added By:** Bernadette Hamilton

Claimant's denial letter was returned to sender.

**Date:** 07/23/2007    **Added By:** Damon Ivy3

USPS 71112746297001027492

**Date:** 07/05/2007    **Added By:** Brandy Facey2

From: Levesque, Guy
Sent: Thursday, July 05, 2007 10:39 AM
To: Facey, Brandy
Subject: RE: Collins--2007042724670 Rolex Missing

Hi Brandy,

Unfortunately, most TSA CB locations are close to AA counters.
To be able to assist you we really need to know where! If he remembers which checkpoint he was sent to we may have a better chance of locating where he took his bag for inspection. Sorry, we can't be of any help.

Guy O. Levesque
Transportation Security Administration
Customer Service Support

---

From: Facey, Brandy
Sent: Tuesday, June 26, 2007 12:08 PM
To: Levesque, Guy
Subject: RE: Collins--2007042724670 Rolex Missing

Good Morning Guy,

I spoke with the claimant this morning and he says that he cannot recall the exact location of the checkpoint or any nearby retailers or eateries. He does indicate that the TSA CB location was a short distance from the AA ticket counter and he did not remain for inspection.


**Date:** 06/26/2007     **Added By:** Brandy Facey2

From: Levesque, Guy
Sent: Friday, June 15, 2007 11:07 AM
To: Facey, Brandy
Subject: RE: Collins--2007042724670 Rolex Missing

Good morning,

No file or information available at the Miami office. Unfortunately, when inspecting bags for AA it could be in a public view or out of public area; really need to know where the bags were taking for TSA inspection!

Guy O. Levesque
Transportation Security Administration
Customer Service Support


**Date:** 06/26/2007     **Added By:** Brandy Facey2

From: Facey, Brandy

Sent: Tuesday, June 26, 2007 12:08 PM
To: Levesque, Guy
Subject: RE: Collins--2007042724670 Rolex Missing

Good Morning Guy,

I spoke with the claimant this morning and he says that he cannot recall the exact location of the checkpoint or any nearby retailers or eateries. He does indicate that the TSA CB location was a short distance from the AA ticket counter and he did not remain for inspection.

**Date:** 06/26/2007   **Added By:** Brandy Facey2

\*\* I did attempt to get a more specific location of where he checked his bags in, but the claimant could not recall the concourse nor any nearby retail stores or eateries. He could only tell me he flew 1st class, and that he took his bags to an area that was roped off. This information was provided to MIA, and in light of the additional information provided by the claimant, it is seems as though the area described by the claimant is in public view.

**Date:** 06/26/2007   **Added By:** Brandy Facey2

Received return call from claimant, 1148.

Per our discussion, the claimant arrived to MIA at about 1500 for his flight scheduled to depart at 1615. He checked his bags inside at the ticket counter and recalls leaving his bags with the TSA for inspection in a roped-off area; he did not remain present for inspection. His original flight was cancelled and the claimant was re-booked on a flight that departed at 1915; his bags had already been sitting idly since a little after 1500. When he arrived to ORD, his bags were on time and appeared to be in tact. It was not until he arrived to his home that he realized his Rolex watch was missing from the bag. He says that he could tell things had been moved around inside the bag, but there was no NOI inside. The watch was packed inside an inner pocket inside of his toiletry kit inside his main luggage.

The claimant did not file a claim with his insurance for fear of not having home-owners insurance renewed in the future. He does note that he did purchase another watch to replace it.

Recommend deny:

• Claimant's original flight was cancelled and he was re-booked onto a later flight, causing his bags to sit idly for about four (4) hours before departure.
• Contents appeared to have been moved around, no NOI present.
• CB screening for AA is done in public view and it is not likely this watch was removed from the bag at this location.
• Plausible the loss occurred after the bag was sent behind the scenes and sat idly for four hours waiting for departure for re-scheduled flight.

**Date:** 06/15/2007   **Added By:** Brandy Facey2

Email sent to MIA for additional information:

From: Facey, Brandy
Sent: Friday, June 15, 2007 10:58 AM
To: Levesque, Guy
Subject: Collins--2007042724670 Rolex Missing
Importance: High

Good Morning Guy,

I have received a claim from Joseph Collins concerning the loss of a Rolex watch from his checked luggage; his claim information is as follows:

Date Received: 04/27/2007
Incident Date: 04/24/2007
Incident Time:
Claim Type: Passenger Loss
Site of Incident: Checked Baggage
Baggage Claim Check #: AA316755
Claim Amount: $2,900.00
Airport / Airline: Miami International Airport / American Airlines

Contractor:
Description: Pax states watch was missing from CB.

Do you have any additional information in support of this claim? Has the passenger contacted TSA in MIA concerning his loss? He does not indicate having found a NOI inside the bag. Are there partitions at the CB screening location or is the screening area in public view?

Thanks!

Brandy Facey, CTR
Claims Examiner
Claims Management Office
Transportation Security Administration
brandy.facey@associates.dhs.gov
571.227.1977 Office Telephone
571.227.1904 Fax Number
1.866.289.9673 Toll Free


Delete Claim


**Notice:** System use restricted to Authorized Users                                          Contact System Administrator