# EXHIBIT

# C

Case 1:08-cv-00851   Document 18-4   Filed 08/04/2008   Page 1 of 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-20648 CR-JORDAN
MAGISTRATE JUDGE BROWN

18 U.S.C. § 371

UNITED STATES OF AMERICA

vs.

ANDREW R. WASHINGTON and
EDWIN REYES,

Defendants.
_____/



AUG 14 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

### INDICTMENT

The Grand Jury charges that:

#### General Allegations

At all times material to this Indictment:

1. The Transportation Security Administration (hereinafter "TSA") was created to handle airport security, including the screening of passengers and passenger luggage.

2. TSA employees worked at the Miami International Airport and were federal employees.

3. TSA employees were issued Miami International Airport Secured Identification Display Area ("SIDA") access badges as part of airport security and had to display these badges when in secured areas.

4. TSA employees were required to sign a statement acknowledging that they may not use their SIDA badge in violation of any security directive, plan, or program at the airport.

5. Once issued a SIDA badge, TSA employees were prohibited from knowingly or willfully entering a secured area for illegal purposes pursuant to an Airport Security Program under Title 49,

1



United States Code, Section 44903(c).

6. ANDREW R. WASHINGTON and EDWIN REYES were employed by TSA as baggage screeners and were issued SIDA badges.

## CONSPIRACY

From a date unknown to the Grand Jury, but at least as early as on or about June 22, 2003, to on or about June 23, 2003, at Miami International Airport, in Miami-Dade County, in the Southern District of Florida, the defendants,

**ANDREW R. WASHINGTON and
EDWIN REYES,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with others unknown to the Grand Jury, to commit offenses against the United States, that is:

(a) to break into, steal, take, carry away, and conceal any of the contents of baggage, which came into the possession of any common carrier for transportation in interstate and foreign commerce, in violation of Title 18, United States Code, Section 659;

(b) to unlawfully remove any merchandise in customs custody or control; in violation of Title 18, United States Code, Section 549; and

(c) to knowingly and willfully enter, in violation of security requirements, an airport area that serves a domestic or foreign air carrier, that is, Ramp F, Zone 2 of the Baggage Screening area of the Miami International Airport, with the intent to commit a felony under the laws of the United States of America and the State of Florida, in violation of Title 49, United States Code, Section 46314.

1. On or about June 22, 2003, **ANDREW R. WASHINGTON** entered the Ramp F Zone 2 Baggage Screening Area using his SIDA badge.

2. On or about June 22, 2003, **ANDREW R. WASHINGTON** removed items contained in luggage.

3. On or about June 22, 2003, **EDWIN REYES** entered the Ramp F Zone 2 Baggage Screening Area using his SIDA badge.

4. On or about June 22, 2003, **EDWIN REYES** removed items contained in luggage.

All in violation of Title 18, United States Code, Section 371.

A TRUE BILL

_____
FOREPERSON

_____
MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

_____
TERESA J. DAVENPORT
ASSISTANT UNITED STATES ATTORNEY

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA        CASE NO. _____

vs.                             **CERTIFICATE OF TRIAL ATTORNEY***

Andrew R. Washington, et al.
_____Defendant_____/   **Superseding Case Information:**

**Court Division:** (Select One)    New Defendant(s)        Yes ___   No ___
                                    Number of New Defendants   ___
 X   Miami      ___ Key West        Total number of counts     ___
___  FTL   ___  WPB   ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)     No
   List language and/or dialect    English

   FILED by _____ D.C.
   MAG. SEC.

4. This case will take   2-3   days for the parties to try.

   AUG 14 2003

5. Please check appropriate category and type of offense listed below:
   (Check only one)                           (Check only one)

   I    0 to 5 days      X        Petty        ___
   II   6 to 10 days     ___      Minor        ___
   III  11 to 20 days    ___      Misdem.      ___
   IV   21 to 60 days    ___      Felony        X
   V    61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No)   No
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)  No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of   No
   Defendant(s) in state custody as of   _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No)  No

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003?  ___ Yes   X  No

8. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999?  ___ Yes   X  No
   If yes, was it pending in the Central Region?  ___ Yes  ___ No

9. Did this case originate in the Narcotics Section, Miami?  ___ Yes   X  No

                            _____
                            TERESA DAVENPORT
                            ASSISTANT UNITED STATES ATTORNEY
                            Florida Bar No. 0915180

*Penalty Sheet(s) attached                                    REV.7/11/03

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: Andrew R. Washington

Case No: 03-20648 CR JORDAN   MAGISTRATE JUDGE BROWN

Count #: 1

18 U.S.C. § 371

Conspiracy to steal contents of baggage; unlawfully remove merchandise from custom's control; and to enter an airport area in violation of security requirements and to use access devices

* Max. Penalty:   Five (5) years' imprisonment

Count #:

FILED by _____ D.C.
MAG. SEC.

AUG 14 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: <u>Edwin Reyes</u>

Case No: **03-20648** JORDAN MAGISTRATE JUDGE BROWN

Count #: 1

<u>18 U.S.C. § 371</u>

<u>Conspiracy to steal contents of baggage; unlawfully remove merchandise from custom's</u>
<u>control; and to enter an airport area in violation of security requirements and to use access</u>
<u>devices</u>

*Max. Penalty: <u>Five (5) years' imprisonment</u>

Count #:

_____

*Max. Penalty: _____

Count #:

[Stamp: AUG 14 2003]

_____

*Max. Penalty: _____

Count #:

_____

*Max. Penalty: _____

*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.