UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 08 C 851 |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) Judge Robert W. Gettleman |
| | ) |
| Defendant. | ) |
| | ) |

**THE UNITED STATES' REPLY
IN SUPPORT OF ITS MOTION TO TRANSFER**

**Introduction**

Central to Collins' response to TSA's motion to transfer this case to Miami is the argument that because this case is worth only $3,000 to him, the court should keep the case here for his convenience. A transfer may be inconvenient to Collins, who admits that he thought the case would simply settle upon the mere filing of his claim. But because Collins charges TSA's Miami agents with theft, this case is far more important to TSA than $3,000. Because of the serious nature of Collins' accusations against TSA's agents, because the case so obviously also involves American Airlines' Miami operations and employees, because Collins is the only witness from Chicago, and because of the clear interests the Miami community has in allegations of theft by its TSA agents, the court should transfer this case to the Southern District of Florida.

**Discussion**

**I.    Factors Favor Transfer to Miami**

The factors that the court must assess on a motion to transfer strongly favor transferring this case to Miami. The parties and witnesses will be more inconvenienced if this case remains in this

district than if it is transferred to the Southern District of Florida. Moreover the interests of justice, particularly the respective interests of the communities, strongly favors transfer of this case.

### A.　　Relative Inconvenience to Parties and Witnesses

First, the relative inconvenience to the parties and witnesses favors transfer. Collins admits that he is the *only* witness from this district who will support his claim and be inconvenienced by a transfer. In contrast, it is obvious that many witnesses from Miami will be necessary for TSA to defend against Collins' accusations. As discussed in TSA's opening brief, all of the TSA and American Airlines employees responsible for handling luggage on the day of Collins' flight will be at issue. Collins himself could not provide the information necessary to more narrowly focus TSA's investigation because he could not identify where he left his luggage in Miami International Airport. *See* Def.'s Ex. D at 3 (TSA's investigation report, documenting that Collins could not "recall the exact location of the [TSA] checkpoint or any nearby retailers or eateries" where he left his baggage to be screened). Most of the TSA checkpoints at Miami International Airport are near American Airlines counters. *Id.* Thus, because of Collins' own uncertainty about where he left his luggage that day in Miami, virtually all the TSA screeners and American Airlines baggage handlers on duty that day are potential witnesses who must be interviewed, and potentially deposed and called to testify. At the very least, many of these witnesses will be necessary to discover and describe at trial the paths that Collins' bags may have taken through the airport that day. Perhaps fewer witnesses would have been at issue if Collins could have provided more information to assist in TSA's investigation, but that is not TSA's fault.

Miami TSA employees will need to describe all the potential checkpoints where Collins may have had his baggage screened. Miami American Airlines employees will need to describe how it

takes custody of and handles baggage after TSA screening at these checkpoints. Their testimony will be necessary to show, the path that Collins' bag may have traveled, and the places where American Airlines employees *and others* may have had access to the baggage.

Access to these witnesses, particularly the third-party American Airlines witnesses, will be critical to TSA's defense, and to Collins' ability to prosecute his case. Collins mistakenly claims that "this is a *res ipsa loquitur* case." Pl. Br. at 4. To bear his burden of proof against TSA on this issue, Collins would have to eliminate all other potential tortfeasors, including American Airlines, its employees, and all others who may have had access to his baggage that day. *Goodyear Tire & Rubber Co. v. Hughes Supply, Inc.*, 358 So. 2d 1339, 1342 (1978) (*res ipsa loquitur* may not be invoked unless it appears that the cause of the injury was so completely in the control of the defendant and that, in the ordinary course of events, the damage could not have occurred but for the defendant's conduct). Accordingly, discovery and testimony regarding the path that Collins' luggage took through Miami International Airport will be essential, and trial access to the witnesses involved will be necessary to defend the allegations Collins has leveled. Clearly, the numerous Miami-area witnesses will be greatly inconvenienced if they must travel to Chicago for discovery and a trial in this case. Moreover, in the case of the American Airlines witnesses, TSA cannot compel their trial testimony in Chicago. Under these circumstances, with Collins' as the lone witness supporting his case from Chicago, it is clear that the convenience of the parties and witnesses favors transfer of this case to Miami.

      B.    **Interests of Justice**

The court must also consider the "interests of justice" in deciding on TSA's motion to transfer. Collins blithely asserts that "TSA has cited no reason why it would be more just to litigate

this case in another venue, and therefore has failed to meet their burden in establishing this factor." Pl. Br. at 6. But TSA devoted an entire section of its opening brief to this issue. As TSA pointed out, this factor addresses issues including the speed at which the respective courts can resolve disputes based on their workloads, the familiarity of the respective courts with the law to be applied, and the respective communities' relation to the events in question. All of these factors favor transfer of this case to Miami.

TSA referenced federal court statistics showing that the workload of the district court in the Southern District of Florida generally allows it to dispose of cases about a month sooner than this court. *See Judicial Caseload Profiles for 2007* found at www.uscourts.gov/cgi-bin/cmsd2007.pl (*visited* June 30, 2008). When trial is necessary, the district court in the Southern District of Florida generally tries cases about a year earlier than this court. *Id.* Moreover, it is safe to assume that the district court in the Southern District of Florida is likely more familiar with Florida law (which will apply in this case) than this court.

But in this case, the most important factor to consider with respect to the interests of justice is the respective interests the communities. This court has acknowledged that the general preference is to resolve cases in the place where they arise and in the community that has the greatest interest in the case. *S.J.G. v. Eikenberry & Assoc., Inc.*, 2004 WL 1794475 at *4 (N.D. Ill. August 5, 2004). Other than providing a forum to one of its residents, the Northern District of Illinois has little at stake in the resolution of this case. On the other hand, the Southern District of Florida has a strong interest in the resolution of Collins' allegations of theft by Miami TSA agents, particularly given the fact that Collins intends on making the 2003 criminal case involving TSA a centerpiece of his claim. Collins' response brief entirely ignores this issue, but that cannot change the fact that the community served

by Miami International Airport has a significantly stronger interest in the resolution of Collins claim than this community.

## II.     Transfer Not Unjust

Collins argues that the court should not transfer this case to Miami, despite the fact that all factors favor transfer other than the plaintiff's choice of forum, because it would be inconvenient for *him* to prosecute this case in light of the relatively small amount that he regards at issue. But Collins' complaint and his response brief should lead the court to view this argument with a jaundiced eye. Collins admits that he "fully expected to receive full or partial reimbursement for the watch" (Pl. Br. at 2) upon the mere filing of his claim. He thought that the incantation of a five-year-old criminal case involving TSA's Miami operations would motivate a quick settlement.

But more is at stake than $3,000. The court should consider the interests that TSA has in defending itself and its agents against Collins' naked accusations, accusations made all the more serious given the prior criminal case that Collins repeatedly references. TSA's integrity is at issue. The court should also consider the extraordinary expense that TSA faces in defending such allegations of theft. Both the financial and operational expenses of such litigation distract TSA from its primary mission: protecting air travel in this country. Taxpayers may be able to bear the direct financial costs, but the diversion of TSA personnel to the litigation process is significant, particularly if they must travel to jurisdictions with little or no connection to the allegations against them. Here, where Collins' has raised such serious accusations on such a weak basis, where third parties and the interests of another community are clearly at issue, and where the facts so clearly support transfer, the court should leave the costs / benefits analysis of the litigation to the parties. Collins decided to bring this case on the mistaken assumption that TSA would settle rather than defend itself. That he

made his accusations on a budget and miscalculated TSA's resolve to defend itself is no reason for him to ask this court to ignore the obvious reasons to transfer this case.

## Conclusion

For the forgoing reasons, the court should transfer this case to the United States District Court for the Southern District of Florida.

                                            Respectfully submitted,

                                            PATRICK J. FITZGERALD
                                            United States Attorney

                                            By: s/ Donald R. Lorenzen
                                                  DONALD R. LORENZEN
                                                  Assistant United States Attorney
                                                  219 South Dearborn Street
                                                  Chicago, Illinois 60604
                                                  (312) 353-5330
                                                  donald.lorenzen@usdoj.gov